Case: 3:06-cv-00733-bbc   Document #: 44   Filed: 10/03/07   Page 1 of 6

Document Number 0044
Case Number 06-C-0733-C
United States District Court
Western District of Wisconsin
Theresa M. Owens
Filed/Received
10/03/2007 12:58:41 PM CDT

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

STEVEN J. PEPLINSKI,

                                                            OPINION and ORDER

            Plaintiff,

                                                            06-C-733-C

      v.

TERRY COLLINS, ROBERT DUELLMAN,
VINCE HOWE/subrogated;
DIANE McMAHON, GARY REDSTEN,
RICHARD SACIA and ANN SEAGO,

           Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this civil action for monetary relief brought under 42 U.S.C. §§ 1983, 1985 and 1986, plaintiff Steven Peplinski contends that defendants Terry Collins, Robert Duellman, Vince Howe, Diane McMahon, Gary Redsten, Richard Sacia and Ann Seago violated his constitutional rights when they passed a resolution banning plaintiff from certain public buildings and meetings in the City of Galesville, Wisconsin. Defendants were members of the City of Galesville Common Council at the time. Now before the court is defendants' motion for summary judgment. Because I conclude that defendants are entitled to legislative immunity with respect to plaintiff's claims, defendants' motion for summary judgment will be granted.

      Before addressing the motion for summary judgment, one preliminary matter requires

1

resolution. Defendants have filed two motions to strike certain facts proposed by plaintiff on the ground that the proposed facts are not supported by citations to admissible evidence. Dkt. ## 24, 40. Both motions will be denied as unnecessary. This court follows specific procedures in evaluating motions for summary judgment and facts proposed in conjunction with those motions. Procedure to be Followed on Motions for Summary Judgment, I.C.1. ("[E]ach proposed finding must be supported by admissible evidence."). The proper response for a party faced with proposed facts that are unsupported by a citation to admissible evidence is to dispute each of the proposed facts on that ground, not to file a motion to strike. Therefore, defendants' motions to strike will be denied; however, in finding the undisputed facts I have taken into consideration the challenges defendants raise regarding plaintiff's unsupported proposed findings of fact.

Next, I note that I have disregarded many of plaintiff's proposed findings of fact because they are not material to this case. For example, plaintiff has proposed several facts about actions that he alleges were taken by a lawyer for the City of Galesville to limit his access to city buildings after plaintiff filed this lawsuit. As troubling as these actions may be to plaintiff, they are unrelated to the question whether defendants are personally liable for passing a resolution pertaining to plaintiff on February 17, 2003. In addition, I have ignored those portions of facts proposed by both parties that amount to legal argument.

From the facts proposed by the parties and supporting materials, I find the following

2

facts to be material and undisputed.

## FACTS

Plaintiff Steven Peplinski lives in Rochester, Minnesota. At times relevant to this lawsuit, defendants Terry Collins, Robert Duellman, Vince Howe, Diane McMahon, Gary Redsten, Richard Sacia and Ann Seago were members of the Common Council for the City of Galesville, Wisconsin.

Sometime before February 13, 2003, Robert Longwell, the city attorney for the City of Galesville, Wisconsin, drafted a municipal resolution restricting plaintiff's access to city property in response to concerns that had been raised regarding plaintiff's alleged harassment of city employees and officials. The draft resolution was included in a public agenda for the February 13, 2003 meeting of the Galesville Common Council; the public agenda was noticed and published before the meeting. At the February 13, 2003 meeting, the City of Galesville Common Council passed the following resolution by a vote of 6-0:

> BE IT RESOLVED:
>
> 1. That Steven J. Peplinski is hereby banned from entering the Municipal Building located at 16773 South Main Street, Galesville, Wisconsin, at any time. This ban does not include the portion of the Municipal Building occupied by the United States Postal Service.

2. Mr. Peplinski is further banned from entering the Galesville Public Library and Common Council Chambers located at 16787 South Main Street, Galesville, Wisconsin, at any time

3

when the Galesville Common Council, and/or any of its committees, sub-committees, commissions and other legislative bodies are in session.

    3.  This Resolution shall be effective immediately and shall continue until modified or revoked by subsequent Common Council action.

    4.  The City Attorney is directed to send a copy of this Resolution by certified mail, return receipt requested, to Mr. Peplinski's last known postal address.

## OPINION

Plaintiff contends that defendants violated his First, Fourth, Fifth and Fourteenth amendment rights when they passed a resolution on February 13, 2003 that prohibited him from entering certain Galesville city property or attending city meetings. However, the doctrine of legislative immunity bars plaintiff from pursuing his claims against these defendants.

The United States Supreme Court has held that state and local legislators are immune from liability for their legislative activities. Bogan v. Scott-Harris, 523 U.S. 44, 48-49 (1998). Legislators are entitled to absolute legislative immunity for any actions that fall within the sphere of "legitimate legislative activity." Id. at 54 (quoting Tenney v. Brandhove, 341 U.S. 367, 376 (1951)). Plaintiff appears to argue that defendants were not engaged in legitimate legislative activity when they passed the resolution and therefore not entitled to absolute legislative immunity for two reasons. First, he argues that defendants

4

were motivated by improper considerations, namely that they did not like him and were swayed by efforts by the city attorney and city clerk to retaliate against him. Next, he appears to argue that they were acting outside the scope of their authority because the result of their action was the passage of a resolution he contends was unconstitutional.

However, both of plaintiff's arguments lack merit. First, defendants' motivation is beside the point. Because defendants were engaged in passing a resolution, an activity unquestionably "legislative" in nature, they are entitled to absolute immunity. Id. at 54-55. ("Whether an act is legislative turns on the nature of the act, rather than on the motive or intent of the official performing it . . . . [I]t simply is not consonant with our scheme of government for a court to inquire into the motives of legislators.") (internal quotation omitted).

Next, even if plaintiff is correct that the resolution was unconstitutional, defendants are still entitled to absolute immunity. The doctrine of legislative immunity would have little value if it applied only when the challenged legislative action was found ultimately to be legitimate. Instead, the doctrine protects legislators from being required to defend themselves in a lawsuit altogether, so long as they were acting in their legislative capacity. Tenney, 341 U.S. at 377 ("The privilege would be of little value if [legislators] could be subjected to the cost and inconvenience and distractions of a trial upon a conclusion of the pleader, or to the hazard of a judgment against them based upon a jury's speculation as to

motives"); <u>Bogan</u>, 523 U.S. at 52 (noting that "the time and energy required to defend against a lawsuit are of particular concern at the local level" ). Therefore, courts are barred from considering the merits of an underlying claim when legislators are named as defendants. In this case, that underlying claim is whether the resolution was constitutional.

## ORDER

IT IS ORDERED that

1. The motions of defendants Terry Collins, Robert Duellman, Vince Howe, Diane McMahon, Gary Redsten, Richard Sacia and Ann Seago to strike certain of plaintiff Steven Peplinski's proposed findings of fact, dkt. ## 24 and 40, are DENIED.

2. Defendants' motion for summary judgment is GRANTED.

3. The clerk of court is directed to enter judgment for defendants and close this case.

Entered this 1st day of October, 2007.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge